IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN HARLOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CIV-15-1313-D |
| ) | |
| ONEAMERICA SECURITIES, INC., ) | |
| GOLDEN RULE INSURANCE CO. ) | |
| administered by the STATE LIFE ) | |
| INSURANCE CO., and ) | |
| ONEAMERICA FINANCIAL ) | |
| PARTNERS, INC., ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Defendants' Motion to Dismiss [Doc. No. 6], filed by OneAmerica Securities, Inc., Golden Rule Insurance Company ("Golden Rule"), and OneAmerica Financial Partners, Inc. (collectively, "Defendants") pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(6). Plaintiff Justin Harlow has timely responded in opposition [Doc. No. 7], and Defendants' have timely replied [Doc. No. 8]. Thus, the Motion is at issue.

Plaintiff filed this action in state court on October 19, 2015, asserting claims under Oklahoma law for breach of contract and insurer's bad faith. Both claims relate to a life insurance policy issued by Defendant Golden Rule to Plaintiff's mother, Sondra Cunningham ("Cunningham"), a denial of Plaintiff's claim due to the revival of a suicide clause, and allegations that Defendant Golden Rule failed to compensate Plaintiff fully and fairly for the

death of his mother. Defendants timely removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a).

By the Motion, Defendants request a dismissal of Plaintiff's claims due to a lack of standing, the purported failure of Plaintiff to state a claim for relief under federal pleading standards, and expiration of the statute of limitations regarding Plaintiff's tort claim. Plaintiff opposes the Motion in all respects, and requests leave to amend if the Court grants Defendants' Motion.

A lack of standing would deprive the Court of subject matter jurisdiction. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012). Accordingly, because the Court is obliged to address jurisdiction as a threshold matter before reaching the merits of a party's claims (*see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)), the Court need only address the issue of standing at this time.

**Standard of Decision**

Standing to sue is a jurisdictional issue properly raised by a Rule 12(b)(1) motion. *See Wilderness Society v. Kane Cty.*, 632 F.3d 1162, 1168 (10th Cir. 2011) (en banc); *see also Colorado Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 379 F.3d 901, 906 (10th Cir. 2004) (internal quotation omitted). Defendants' Motion raises a factual challenge, and in addressing it, "the court does not presume the truthfulness of the complaint's factual

2

allegations, but has wide discretion to allow . . . other documents . . . to resolve the disputed jurisdictional facts under Rule 12(b)(1)." *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1303 (10th Cir. 2001).

## Plaintiff's Allegations

Plaintiff alleges that Cunningham entered into a life insurance contract with Defendant Golden Rule in 2001, and that he was the named beneficiary. *See* Petition [Doc. No. 1-2]. The policy lapsed in 2009.[1] Defendant Golden Rule allegedly advised Cunningham that she could reinstate her policy, and she did so. Plaintiff alleges that, upon Cunningham's death in 2010, he submitted a timely claim, but Defendant Golden Rule wrongfully refused to honor Cunningham's life insurance policy.

As pertinent to the Motion, Plaintiff asserts in its pleading, first, that Defendant Golden Rule breached the insurance contract by failing to pay the full amount owed under the policy.[2] Second, Plaintiff asserts that Defendant Golden Rule acted in bad faith by denying Plaintiff's claim and failing to communicate all "revived" clauses, including the suicide clause, to Cunningham prior to her reinstating the policy, therefore misrepresenting the coverage provided.

---

[1] In his Response [Doc. No. 7], Plaintiff asserts such lapse was due to Cunningham "inadvertently clos[ing] the bank account her husband used to auto-pay [her] life insurance premiums." *Id.* at 1.

[2] Without taking into consideration the suicide clause, the "full amount" would include $200,000 plus "any premium paid for the period beyond the month in which the insured died" with interest. *See* Contract [Doc. No. 6-2] at 7.

## Discussion

Defendants' Motion challenges Plaintiff's Article III standing. To overcome the Motion, Plaintiff "must show an injury that is '[1] concrete, particularized, and actual or imminent; [2] fairly traceable to the challenged action; and [3] redressable by a favorable ruling.'" *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1126 (10th Cir. 2013) (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013)). The first element requires that Plaintiff "suffered an 'injury in fact' – an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Defendants contend that Plaintiff lacks standing because he is neither a party to the contract nor the named beneficiary on the policy. The contract was between Cunningham and Defendant Golden Rule. Her husband, Kenneth W. Cunningham, was the named beneficiary on the policy. *See* Application [Doc. No. 6-1] at 2. Kenneth W. Cunningham died in 2009. Although the policy was reinstated after her husband's death, Cunningham failed to designate a different beneficiary. Therefore, upon her death, any proceeds from Cunningham's life insurance policy would be owed to her estate. Plaintiff is the executor of Cunningham's estate (*see* Letter of Administration [Doc. No. 6-4]), however, he brought this suit in his individual capacity. Although he is eligible to inherit from Cunningham's estate, it is the estate itself that will directly benefit from the requested relief.

## Conclusion

Based on the parties' submissions, it is clear that Plaintiff is neither a party to the contract nor the named beneficiary of the policy. Accordingly, he has no standing to bring

4

the action which is currently before the Court. Therefore, the Court does not have subject matter jurisdiction, and must dismiss the case without addressing the remaining arguments in Defendants' Motion.

For the foregoing reasons, Defendants' Motion [Doc. No. 37] is GRANTED. Plaintiff is granted leave to amend his complaint within 7 days of this Order; otherwise the action will be dismissed without prejudice.

IT IS SO ORDERED this 22nd day of January, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE