# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JUSTIN HARLOW, as personal representative )
of the estate of SONDRA CUNNINGHAM, )
                                                     )
                Plaintiff, )
                                    )
v. )           Case No. CIV-15-1313-D
                                           )
ONEAMERICA SECURITIES, INC., *et al.*, )
                                    )
               Defendants. )

## **O R D E R**

Before the Court is Defendants' renewed Motion to Dismiss [Doc. No. 13], filed by OneAmerica Securities, Inc., OneAmerica Financial Partners, Inc. (collectively, the "OneAmerica Defendants"), and Golden Rule Insurance Company ("Golden Rule") pursuant to Fed. R. Civ. P. 8 and 12(b)(6). Plaintiff has responded in opposition [Doc. No. 16], and Defendants have replied [Doc. No. 19].

### PROCEDURAL HISTORY

Plaintiff filed a Petition (hereafter, "Complaint") in Oklahoma state court on October 19, 2015, asserting claims under Oklahoma law for breach of contract and insurer's bad faith. Both claims arise from a life insurance policy issued by Golden Rule to Plaintiff's mother, Sondra Cunningham ("Cunningham"), and a denial of Plaintiff's claim against the policy upon Cunningham's death.

Defendants removed the case to this Court based on diversity jurisdiction under 28 U.S.C. § 1332, and promptly moved to dismiss for lack of standing and failure to state a

claim. Defendants also raised a statute of limitations defense, and argued that Georgia law is applicable to both of Plaintiff's claims. Addressing only the issue of standing, the Court granted Defendants' initial Motion to Dismiss, but allowed Plaintiff leave to amend. *See* Jan. 22, 2016 Order [Doc. No. 9] at 5. Plaintiff filed an Amended Complaint on January 26, 2016 [Doc. No. 10].

Defendants now renew their Motion to Dismiss on the remaining grounds, and additionally argue that the OneAmerica Defendants are improper parties to the suit. Plaintiff contends in his response brief that the language of a suicide provision in the policy is ambiguous and, therefore, open to interpretation, or in the alternative, that the original policy and reinstated policy are sufficiently different to trigger a new policy. Plaintiff further contends that dismissal of the OneAmerica Defendants is improper because Cunningham believed she was transacting business with OneAmerica.[1]

## STANDARD

A complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), and such statement must be sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court will accept as true all well-

---

[1] In support of his argument that the OneAmerica Defendants are proper parties to the suit, Plaintiff has attached correspondence on OneAmerica letterhead from Golden Rule to both Cunningham and Plaintiff, and a copy of Cunningham's reinstatement check which reads "One America" on the memo line. *See* Correspondence [Doc. No. 16-3] and Reinstatement Check [Doc. No. 16-4].

pled allegations and construe them in the light most favorable to the plaintiff. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to prove his case at the pleading stage (*see Glover v. Mabrey*, 384 F. App'x 763, 772 (10th Cir. 2010) (unpublished)), but must allege sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible" (*Twombly*, 550 U.S. at 570).

## BACKGROUND

In 2001, Cunningham purchased a life insurance policy through Golden Rule which contained a suicide provision limiting any proceeds to premiums paid if the insured took her own life within two years of the policy date. The suicide provision also provided that if the insured's policy was at any time reinstated, "this subsection" would be measured from the reinstatement date. Policy [Doc. No. 13-2] at 18. Cunningham's policy lapsed in August 2009, and was reinstated in November that same year. Cunningham committed suicide in February 2010. Thereafter, Plaintiff, as personal representative of Cunningham's estate, made a claim against the policy. Citing the suicide provision, Golden Rule denied Plaintiff's claim and sent the estate a check for premiums paid.

3

DISCUSSION

It is premature at this stage of the litigation to issue a ruling on choice of law because doing so would require that which applicable precedent prohibits – weighing the choice of law evidence submitted by the parties. Instead, a choice of law inquiry "would be better reserved for summary judgment, where the Court has the benefit of a properly developed record." *Fed. Ins. Co. v. Indeck Power Equip. Co., et al.*, No. CIV-15-491-D, 2016 WL 3676803, at *2 (W.D. Okla. July 7, 2016) (discussing the appropriateness of a choice of law inquiry brought under Rule 12(b) when the allegations in the complaint were insufficient to adequately evaluate the issue). Accordingly, the Court declines to address the parties' choice of law arguments at this time.

Nor will the Court consider at this juncture Defendants' limitations defense. Although a tolling argument appears on the face of Plaintiff's Amended Complaint, such a dispute is likewise better addressed at the summary judgment stage.[2]

The present focus of the Court, therefore, is on the sufficiency of Plaintiff's pleading. As stated, Plaintiff must plead sufficient factual matter to state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Based on the pleading, the Court must be

---

[2] *See Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 497 (10th Cir. 2010) (unpublished opinion) (stating a statute of limitations defense may be resolved on a Rule 12(b)(6) motion only "where the 'dates given in the complaint make clear that the right sued upon has been extinguished'") (quoting *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)); *Honeycutt v. Mitchell*, No. CIV-08-140-W, 2008 WL 3833472, at *4 (W.D. Okla. Aug. 15, 2008) (noting that because the Court is confined to the four corners of a complaint, an action cannot be dismissed based on a limitations defense when the plaintiff fails to include in the complaint dates necessary to determine the applicability of any statute of limitations).

able to draw the reasonable inference that Defendants are liable for the misconduct alleged. *See id.* Although the Court accepts well-pled facts as true, the Court is not required to accept bare, unsupported allegations or mere conclusions. *See id.* Still, even in the wake of *Twombly* and *Iqbal*, the touchstone of sufficient pleading under Rule 8(a)(2) remains whether the pleading "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

Here, Plaintiff's Amended Complaint is certainly sparse – its operative language (omitting an allegation that anticipates an affirmative defense) occupies only six lines of text. Nevertheless, in those six lines Plaintiff pleads facts that show the following: an insurance policy was issued by "Defendants" insuring the life of Cunningham; that at the time of Cunningham's death such policy was in effect; that Plaintiff made a claim against the policy for the $200,000 death benefit; and that "Defendants wrongfully denied the claim," relying on a particular provision of the policy. Although, as will be discussed, Plaintiff's pleading is not completely immune from the arguments in Defendants' Motion, it cannot be said that the pleading leaves Golden Rule guessing about why it is being sued and the nature of the suit.

The same cannot be said, however, regarding the OneAmerica Defendants. Plaintiff's Amended Complaint is utterly devoid of any allegation asserting specific wrongful conduct by these defendants. Absent "allegation[s] sufficient to plausibly suggest" that the OneAmerica Defendants are parties to the policy or otherwise liable for the claims alleged,

5

they must be dismissed from the suit. *Iqbal*, 556 U.S. at 683. Accordingly, Defendants' Motion to Dismiss is granted as to the OneAmerica Defendants only.

## CONCLUSION

Assessing Plaintiff's pleading under the applicable standard, the Court finds that the pleading is sufficient to state claims for breach of contract and insurer's bad faith as to Golden Rule, but not as to the OneAmerica Defendants. The Court further finds that, because Plaintiff has already amended once, and did not request leave to amend in his response brief, further leave to amend is unwarranted.[3]

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Doc. No. 13] is GRANTED in part and DENIED in part, as set forth herein.

IT IS SO ORDERED this 14th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] "Where a plaintiff does not move for permission to amend the complaint, the district court commits no error by not granting such leave." *Burnett v. Mortgage Electronic Registration Sys., Inc.*, 706 F.3d 1231, 1238 n.4 (10th Cir. 2013) (citing *Calderon v. Kansas Dep't of Soc. & Rehab. Svcs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 371 (10th Cir. 1989)).